SCHOTT, Judge.
This is a worker’s compensation case. Plaintiff claimed he was disabled by a mental condition caused or aggravated when he was robbed at gunpoint while he was on night duty at defendant’s automobile service station. From a dismissal of his claim, he has appealed.
In support of his claim plaintiff offered his own testimony and that of Dr. Bryan J. Bertucci, a specialist in industrial medicine, and Dr. Jerome Rinaldi, a psychiatrist.
According to plaintiff he was on duty at defendant's station on the night of Saturday, January 10, 1986 when he was held up at gunpoint, threatened with death because he could not open the safe, and finally ordered to run away. On the following Monday he returned to work but when it got dark he became scared and nervous and left the job. Continuing fears of being held up and killed prevented him from going back to work. Although he had worked in the past as a busboy, a merchant seaman, and a truck driver as well as a gas station attendant, when asked at trial if he could do any of these jobs he replied, “not in my position, no.” On the other hand he stated that he shops at the market and at a discount store, puts gas in his car, and assists in religious sermons at church.
Dr. Bertucci examined plaintiff on the day after the accident and thought he was in a state of fright with physical manifestations of hand tremor, crying spells, bulging eyes, sweating, and rapid pulse. Dr. Ber-tucci learned that plaintiff had suffered at least three “psychotic episodes” in the past which led to hospitalization, one in Lebanon when he was taken hostage by terrorists, one in Denmark when he attempted suicide, and the third in Denmark. Apparently in two subsequent visits Bertucci learned that plaintiff was subjected to additional stresses of being evicted, his wife having twins, and his wife having medical problems. Bertucci felt that plaintiff could not work *439 but needed psychiatric treatment and that the robbery was the cause of his disability.
Plaintiff was seen by Dr. John R. MacGregor, a psychiatrist, on January 23 and 28th and on February 4th. His report was placed in evidence. He opined that plaintiff was suffering from a borderline psychotic disorder which was chronic and of long standing but which was aggravated by the robbery. He thought plaintiff was bordering on a paranoid state and was suffering symptoms of a phobia “for doing any work that might expose him to future holdups and threats on his life.” He recommended psychotherapy and medication which could restore him to the point where he could be gainfully employed.
On June 25, 1986 plaintiff went to Dr. Rinaldi at the St. Bernard Mental Health Clinic after failing to keep two previous appointments on May 13 and 25. Rinaldi saw him also on July 24 and August 21 and was still treating him at the time of the trial on September 15. He characterized plaintiffs problem as a personality disorder which was aggravated by the robbery to the point that he was unable to work and needed treatment.
Defendant called Dr. Robert L. Newman, a psychiatrist, who examined plaintiff on September 6. He took a history from plaintiff and performed a mental status examination. He also reviewed reports from and notes of the other physicians who saw plaintiff. At the end of the interview he asked plaintiff if he wanted to add anything and he “came alive” from an otherwise “flat monotone.” He loudly complained about the American legal system which required him to prove his case in order to collect money, he stated that he was not interested in rehabilitation or returning to other types of work he did in the past, and “he simply wanted to live on the monéy that he hoped to obtain in this legal matter and in the litigation pending having to do with his automobile accident.”
Newman testified that plaintiff was suffering from a personality disorder with schizotypal paranoia which he explained to consist of “certain oddities of thought and speech and perception and behavior which are along the lines of schizophrenia, but none of them individually or in the aggregate totally allows you to make the diagnosis of schizophrenia.” Newman stated that plaintiff has never suffered from a psychotic disorder. He testified that the inconsistencies or discrepancies in plaintiffs professed phobia indicated that he is exaggerating his symptoms for personal gain. He explained that one suffering from a true phobia which prevented him from going to work would also prevent him from doing all the other things plaintiff does. Newman did not feel that plaintiffs personality disorder was aggravated by the robbery or that he was unable to work, and he was of the firm opinion that plaintiff was a malingerer.
The burden of proof in this case was on plaintiff to prove disability from a mental condition aggravated by a robbery. Evidence in such cases must be scrutinized carefully and precaution must be taken by a court to guard against bogus claims. Jordan v. Southern Natural Gas Co., 455 So.2d 1217 (La.App.2d Cir.1984). Plaintiffs evidence consisted of his own testimony which was highly subjective and was rejected by the trial court together with the testimony of a physician and a psychiatrist which was effectively refuted by that of defendant’s psychiatrist. The trial court’s evaluation of plaintiff’s credibility will not be disturbed on appeal, and his decision to accept the testimony of one expert over another will not be disturbed in the absence of manifest error.
Since the record supports the judgment of the trial court it is affirmed.
AFFIRMED.